C. H. CHILDS, et al., v. EDWIN W. BOOTS.

152 So. 214.
Division A.
Opinion Filed October 9, 1933.
Rehearing Denied December 5, 1933.

*Spear, Viney & Skelton,. Cromwell Gibbons* and *Adrian Shields* for Plaintiffs in Error;

*VanFleet, Collins & Miller* for Defendant in Error.

DAVIS, C. J.—This writ of error grows out of the final decree involved in the equity case of Childs, *et al.* v. Boots, the appeal in which was dismissed by judgment and opinion this day filed.

The record shows that while the proceedings referred to in that opinion were being had, the complainant in the case, in whose favor the final decree of August 8th, 1929, had been signed, caused execution to be issued on the money judgment and placed in the hands of the sheriff for levy. The date of the execution was August 1st, 1930, and it was issued by the clerk of the circuit court on complainant's praecipe, without any order of the circuit judge therefor, and was so issued by the clerk of the circuit court in the face of what purported to be a decree in the cause granting a rehearing and referring the case to a master to take and state an account.

While the order granting the rehearing was unauthorized because it was pursuant to a petition for rehearing filed more than thirty days after the date of the final decree, as we have decided in the equity case, yet so long as the order granting a rehearing was outstanding on the records of the court, unvacated and not set aside, moved against or appealed from, it was binding on the clerk of the circuit court who was wholly without any authority to issue the execution that he did issue on the money decree of August 8, 1929. Evidently realizing that this was so, the clerk appears to have marked across the face of such execution after it was issued, the word "cancelled," as shown by the transcript now before us.

Under the circumstances existing of record in the chancery case, it was the province of the Chancellor, and of the Chancellor alone, to order an execution to issue notwithstanding his order granting a rehearing and in effect setting aside the final decree awarding the money judgment which was essential to support the execution when issued. The execution issued by the clerk of the circuit court on a final decree which the Chancellor had ordered opened up for the purposes of rehearing (whether it was lawfully so done or not) was unauthorized and invalid and it should have been perpetually stayed on defendant in execution's motion therefor made as provided for by Section 4516, C. G. L. 2829 R. G. S.

The proper procedure to have pursued would have been for the complainant to have moved the court to vacate its own unauthorized order granting the rehearing (which the court did later do in effect in this same case) and after doing so, to have directed the clerk to issue the final execution after the orders interrupting the enforcement of the final decree had been set aside. Any other procedure

simply countenances the performance of acts by the clerk in derogation of the orders and decrees of the Chancellor which, though void, should nevertheless be moved against in the proper way before they are disregarded by the subordinate officers of the court, who are vested with no authority to determine whether or not decrees of the court are valid or invalid, when they appear of record as having been duly entered by the Chancellor.

The judgment in this case is reversed and the cause remanded with directions to permanently stay the execution issued August 1st, 1930, without prejudice to the issuance of a new execution according to law.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.